**Robert WORSTER, Plaintiff–Appellant,**

**v.**

**CARLSON WAGONLIT TRAVEL, INC., Defendant–Appellee.**

**No. 05–0716–cv.**

United States Court of Appeals, Second Circuit.

Feb. 13, 2006.

Gregg D. Adler (Nicole M. Rothgeb, on the brief), Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C., Hartford, Conn., for Plaintiff–Appellant.

Karl M. Terrell, Shea Stokes & Carter, ALC, Atlanta, Ga., for Defendant–Appellee.

Jennifer Sinton, Lambda Legal Defense and Education Fund, Inc. ("Lambda"), (Jonathan Givner, Lambda, and Bennett Klein, Gay & Lesbian Advocates and Defenders, Boston, Mass.), New York, N.Y., for amici curiae AIDS Project Greater Danbury, AIDS Project Hartford, HIV Medicine Association, National Association of People with AIDS, and the Office of Protection and Advocacy for Persons With Disabilities, in support of Plaintiff–Appellant.

PRESENT: Hon. GUIDO CALABRESI, Hon. CHESTER J. STRAUB, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Robert Worster ("Worster") is a former employee of Defendant–Appellee Carlson Wagonlit Travel, Inc. ("Carlson"). On January 28, 2002, Worster filed a complaint alleging discrimination in violation of the Americans with Disabilities Act of 1990(ADA), 42 U.S.C. § 12101 *et seq.*, and the Connecticut Fair Employment Practices Act (CFEPA), Conn. Gen.Stat. § 46a–51 *et seq.;* retaliation under the ADA, CFEPA, and the Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. § 2601 *et seq.;* and negligent infliction of emotional distress under Connecticut state tort law. The district court granted summary judgment to Carlson as to all claims on January 6, 2005. We assume the parties' familiarity with the facts, the procedural history, and the specification of issues on appeal.

▇ Worster challenged three employment actions taken by Carlson: his purportedly adverse transfer to an assignment known as the "Pearson account" for an initial period, his retention in that position beyond this expected period, and his ultimate termination. We agree with the district court that Worster's transfer and retention in the new position did not constitute adverse employment actions within the meaning of the ADA, CFEPA, and FMLA. *See Lovejoy–Wilson v. NOCO Motor Fuel, Inc.,* 263 F.3d 208, 223 (2d Cir. 2001); *see also Levy v. Comm'n on Human Rights & Opportunities,* 236 Conn. 96, 103–04, 107–08, 671 A.2d 349 (1996) (reviewing federal precedent, including the burden-shifting framework, as a basis for analyzing CFEPA cases). Other than that threshold issue, we need not decide whether Worster carried his *prima facie* burdens to show discrimination or retaliation under the charged statutes.

▇ We affirm the decision of the district court on the basis that Worster did not present evidence sufficient for a rational factfinder to conclude that Carlson's explanations for its termination of Worster were a pretext for discrimination or retaliation. *See Treglia v. Town of Manlius,* 313 F.3d 713, 721 (2d Cir.2002). Nothing in the record indicated that Carlson did not believe that Worster had intentionally deceived the company by obtaining secondary employment while on full-time medical leave. Under the circumstances, the only reasonable inference is that it was Carlson's perception that it was being deceived, rather than any protected characteristics or protected activities, that motivated the company's termination of Worster.

With regard to Worster's state tort claim of negligent infliction of emotional distress, we affirm for substantially the reasons given by the district judge in her decision on Worster's motion to reconsider,

dated July 7, 2005. *See generally Carrol v. Allstate Ins. Co.,* 262 Conn. 433, 446–47, 815 A.2d 119 (2003) (setting out standard for negligent infliction of emotional distress under Connecticut law).

We have considered all of Worster's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.